UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCEL MALACHOWSKI, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-20-736-G |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

Petitioner Marcel Malachowski filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1) in this Court. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review.

On September 10, 2020, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 9), recommending that the Petition be dismissed on screening. Petitioner timely filed an Objection to the R. & R. (Doc. No. 11).

Pursuant to governing authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

### I.    *Background*

Petitioner, a federal prisoner appearing pro se, alleges that he is a Canadian citizen who "was found on the Akwesasne Indian Reservation" in upstate New York and taken into custody by U.S. Border Patrol agents on October 31, 2008. Pet. at 2, 5; Pet'r's Br.

(Doc. No. 1-2, at 1-12) at 5. Petitioner alleges that two administrative immigration charges were then issued against him by the United States and he was deemed "inadmissible" under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *See* Pet. at 2; Pet'r's Br. at 7; DHS Report (Doc. No. 1-2, at 17); EARM (Doc. No. 1-2, at 18). Those charges resulted in an "expedited removal order"—i.e., a determination of inadmissibility and expedited removal proceedings under 8 U.S.C. § 1225(b)(1). Pet'r's Br. at 7; *see* Notice and Order of Expedited Removal (Nov. 1, 2008) (Doc. No. 1-2, at 19).

The Petition raises three Grounds for relief connected to the expedited removal order. First, Petitioner argues that the expedited removal order should not have issued because Petitioner, as a "registered North American Indian," "was in his native right to be present within the Akwesasne Indian Territory on October 31, 2008." Pet'r's Br. at 8. Second, Petitioner contends that he had not effected "entry" into the United States as that term is defined for immigration purposes. *Id.* at 8-9. Third, Petitioner disputes his ability to be liable for the conduct underlying the removal charges because his "native status provides actual innocence" and renders him "neither deportable" nor "inadmissible." Pet. at 7; Pet'r's Br. at 9-11.

On December 24, 2009, Petitioner was convicted on multiple criminal charges in the U.S. District Court for the Northern District of New York. *See* Pet'r's Br. at 7; *United States v. Malachowski*, 623 F. App'x 555, 556-57 (2d Cir. 2015). These charges included unlawful entry into the United States on October 31, 2008, and unlawful re-entry into the United States after having been removed on that date. *See* J., *United States v. Malachowski*, No. 5:08-cr-701-DNH (N.D.N.Y. Dec. 24, 2009). In Ground Four, Petitioner argues that

2

his defense counsel's representation in that criminal case was constitutionally inadequate under the Sixth Amendment because counsel failed to adequately investigate Petitioner's native status and failed to "mount[] a defense to the immigration counts" based on that status. Pet'r's Br. at 11 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

The Petition seeks to have the Court "request immigration court to re-open proceedings and decide whether an expedited removal order should have been utilized." Pet. at 8.[1]

## II.   *Discussion*

In the R. & R., Judge Erwin summarized Petitioner's factual allegations and legal claims, as well as the applicable standards of review. Judge Erwin recommended that Grounds One and Three, construed as a request for judicial review of the 8 U.S.C. § 1225(b)(1) expedited removal order, be dismissed as untimely. He further recommended that Ground Two, also viewed as an attempt to seek review of the § 1225(b)(1) expedited removal order, be dismissed based upon a lack of jurisdiction. Finally, he recommended that Ground Four be construed as a request for relief under 28 U.S.C. § 2255 and likewise dismissed. *See* R. & R. at 1-9.

Plaintiff's Objection largely repeats the arguments already raised and rejected in the R. & R. and does not challenge the Magistrate Judge's characterization of the applicable standards of review. The Court herein addresses those objections that are "sufficiently

---

[1] Although not addressed by the Petition, the record indicates that Petitioner's habeas claims are not moot due to the collateral consequences of his 2008 removal. *See Bansci v. Nielsen*, 321 F. Supp. 3d 729, 734-35 (W.D. Tex. 2018) (citing 8 U.S.C. § 1182(a)(9)(A)(i)); *see also* Pet'r's Obj. at 13 (discussing an "immigration detainer").

3

specific" to preserve the relevant disputed issues for de novo review. *2121 E. 30th St.*, 73 F.3d at 1059; *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

    A. *Petitioner's First Objection*

In reciting the factual background of Petitioner's legal claims, the R. & R. states: "On October 31, 2008, Border Patrol agents arrested Petitioner for illegally entering the United States near the Canadian border." R. & R. at 2 (citing DHS Report at 17). Petitioner objects that this finding is erroneous and that the Magistrate Judge's error "prejudiced evaluation of this matter." Pet'r's Obj. at 3. Liberally construed, Petitioner argues that the Magistrate Judge failed to appreciate that the legal claims raised in Counts One through Three are challenging the propriety of the "administrative proceedings" of the U.S. Border Patrol rather than Petitioner's later federal criminal conviction. *See id.* at 3-5. Petitioner suggests that this error led the Magistrate Judge to ignore or reject Petitioner's arguments as to why those immigration proceedings were improper. *See id.*

The Court disagrees. As a threshold matter, the R. & R.'s statement is directly supported by the law enforcement reports submitted by Petitioner as part of his pleading. These records clearly reflect that on October 31, 2008, Petitioner was apprehended by the U.S. Border Patrol, charged with being an "inadmissible" alien under 8 U.S.C. § 1182(a)(7)(A)(i), and subjected to expedited removal. *See* DHS Report at 7; EARM at 18; Notice and Order of Expedited Removal at 19; *see also* 8 U.S.C. § 1182(a)(7)(A)(i)(I); *id.* § 1225(b)(1)(A)(i) ("If an immigration officer determines that an alien . . . who is arriving

in the United States . . . is inadmissible under . . . [8 U.S.C. § 1182(a)(7)], the officer shall order the alien removed from the United States without further hearing or review . . . .").

As to the broader objection, the remainder of the R. & R. reflects that the Magistrate Judge accurately characterized Petitioner's Grounds One through Three as attacking the U.S. Border Patrol proceedings and findings rather than his later criminal conviction. The R. & R. declined to reach the merits of Petitioner's Grounds One through Three because the Magistrate Judge found that those claims should be dismissed on screening pursuant to the relevant statutes. There is no reasonable suggestion of undue prejudice arising from the recitation of background facts.

### B. Petitioner's Second Objection

Next, Petitioner challenges the Magistrate Judge's failure to address the merits of Grounds One through Three of the Petition, including Petitioner's argument that "the expedited removal procedure should not have been used." Pet'r's Obj. at 5-6.

The Magistrate Judge concluded that Petitioner's challenges to expedited removal were governed by 8 U.S.C. § 1252 and subject to the restrictions upon the Court's authority imposed by that statute. *See* R. & R. at 4-5.

> The scope of judicial review of orders of removal under § 1225(b)(1) is extremely narrow. With very limited exceptions, "no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(i). Specifically, no court has jurisdiction to review "a decision by the Attorney General to invoke the provisions of [§ 1225(b)(1)]," "the application of [that] section to individual aliens," or "procedures and policies adopted by the Attorney General to implement [that section]." *Id.* at § 1252(a)(2)(A)(ii)-(iv). Judicial review of determinations made under §

>    1225(b)(1) is available in habeas corpus proceedings, but such review is limited to determinations of—
>
>    (A) whether the petitioner is an alien,
>
>    (B) whether the petitioner was ordered removed under such section, and
>
>    (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . or has been granted asylum.
>
>    *Id.* at § 1252(e)(2)(A)-(C).

*Vaupel v. Ortiz*, 244 F. App'x 892, 894-95 (10th Cir. 2007) (omissions and alterations in original); *accord Macias-Guerrero v. Barr*, 817 F. App'x 660, 661 (10th Cir. 2020) (explaining that judicial review of expedited removal orders is available only "to the extent allowed by § 1252(e)"). Stated differently, "the limited habeas review available under § 1252(e)(2) does not permit aliens to challenge the validity of the expedited removal order" but only "to claim . . . that the removal order was issued in error because the alien is legally entitled to be present in the United States, or that a removal order was never issued." *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1085 (9th Cir. 2011).

The Magistrate Judge determined that judicial review of Petitioner's Ground Two (challenging Petitioner's alleged "entry" in the United States) was not permitted, as the claim did not fall within any § 1252(e)(2) basis for habeas relief. *See* R. & R. at 5. Petitioner has not shown otherwise, and the Court concurs that Ground Two must be dismissed due to a lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(A); *Macias-Guerrero*, 817 F. App'x at 661-62; *see also* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

The Magistrate Judge further determined that Petitioner's Grounds One and Three *arguably* were encompassed by the § 1252(e)(2) statutory limitations, such that relief is *potentially* available in federal habeas corpus proceedings. *See* R. & R. at 5. The Magistrate Judge concluded, however, that these Grounds are time barred and should therefore be dismissed. *See id.* (citing 8 U.S.C. § 1252(e)(3)(B)).

The Court notes that it is not clear that the 60-day deadline of 8 U.S.C. § 1252(e)(3)(B) applies to this 28 U.S.C. § 2241 habeas corpus action. *See* 8 U.S.C. § 1252(e)(3) (governing "[c]hallenges on validity of the system"); *id.* § 1252(e)(3)(B) (prescribing a 60-day deadline for bringing an "action instituted *under this paragraph*" (emphasis added)); *Vaupel*, 244 F. App'x at 895 (noting that the district court had issued findings on the petitioner's habeas claim under § 1252(e)(2) and separately applying the § 1252(e)(3)(B) deadline to the petitioner's constitutional challenge to the expedited removal procedures). It is of no moment, however. Even assuming the Court may review Grounds One and Three in this habeas corpus proceeding, and further assuming that the Court finds in the affirmative that Petitioner "is an alien"[2] who "was ordered removed" under § 1225(b)(1), 8 U.S.C. § 1252(e)(2)(A), (B), Petitioner cannot plausibly "prove by a preponderance of the evidence" that he is "lawfully admitted for permanent residence" as required for further review of his claims. *Id.* § 1252(e)(2)(C); *see id.* § 1252(e)(4)(B).

Petitioner argues that he "qualifies as a lawful permanent resident" because: (1) he is a "registered North American Indian"; (2) "a finder of fact reasonably can conclude that

---

[2] "The term 'alien' means any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

7

he is at least 50 per centum of blood of the American Indian race"; and (3) pursuant to federal statute and regulation, an American Indian born in Canada "who possess[es] at least 50 per centum of blood of the American Indian race" is permitted free passage across the border and is "regarded as a lawful permanent resident of the United States." Pet. at 3; Pet'r's Br. at 10 (citing 8 C.F.R. § 289.2); 8 U.S.C. § 1359.

Petitioner's arguments are unavailing. The Court is limited by statute to determining whether Petitioner can prove that he "is an alien lawfully admitted for permanent residence." 8 U.S.C. § 1252(e)(2)(C). "The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." *Id.* § 1101(20). Regardless of whether Petitioner *could* be admitted for permanent residence based upon his American Indian descent,[3] Petitioner does not allege (and there is nothing in the record to suggest) that he "ha[s] been" accorded this privilege by any court or administrative body. *Id.* The Court therefore cannot find that Petitioner "is . . . lawfully admitted for permanent residence," or "is legally entitled to be present in the United States," and so further review of these habeas claims is precluded. *Id.* § 1252(e)(2)(C); *Barajas-Alvarado*, 655 F.3d at 1085.

---

[3] The Court notes that the Northern District of New York considered the same documents presented herein and found that they failed to establish Petitioner's American Indian blood quantum or his qualification for legal status under 8 U.S.C. § 1359. *See United States v. Malachowski*, No. 1:09-CR-125, 2016 WL 8505084, at *2-3 (N.D.N.Y. June 24, 2016).

Because it "plainly appears" that Petitioner is not entitled to relief, the undersigned agrees that Grounds One and Three must be dismissed. R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.; *see also id.* R. 1(b).

### C. *Petitioner's Third and Fifth Objections*

Petitioner's third and fifth objections are difficult to parse but appear to challenge the Magistrate Judge's characterization of Ground Four as a claim of ineffective assistance of counsel ("IAC") regarding Petitioner's December 2009 criminal conviction in the Northern District of New York. *See* Pet'r's Obj. at 6-8, 11-13.

The Magistrate Judge accurately summarized Petitioner's claim. *See* Pet'r's Br. at 11-12 (citing *Strickland*, 466 U.S. 668 (1984), and alleging that Petitioner received ineffective assistance in violation of the Sixth Amendment "in defense of criminal charges relevant to (08-CR-701(DNH))." To the extent Petitioner now seeks relief based on ineffective representation by an attorney in his administrative immigration proceedings, *see* Pet'r's Obj. at 6-7, 11, such argument is waived. *See Garfinkle*, 261 F.3d at 1031. Further, there is no right to counsel under the Sixth Amendment in an immigration hearing. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); *see also Garcia Uranga v. Barr*, No. 20-3162, 2020 WL 4334999, at *6 (D. Kan. July 28, 2020).

Petitioner's fifth objection additionally disputes the Magistrate Judge's determination that Petitioner has failed to show that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective," such that Petitioner should be permitted to raise his Ground Four IAC claim to this Court via a § 2241 petition. *See* Pet'r's Obj. at 12-13; R. & R. at 6-7. Having considered Petitioner's arguments, the Court agrees with the

9

Magistrate Judge that § 2241 is not available to Petitioner. Petitioner does not dispute that the Ground Four IAC claim is properly the subject of a motion under 28 U.S.C. § 2255, and his vague criticisms of the R. & R. do not establish that the Court should "liberally impl[y]" either the inadequacy of the § 2255 remedy or the existence of new evidence, as Petitioner suggests. Pet'r's Obj. at 12. The Court therefore lacks jurisdiction over Ground Four. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013) ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims."). The Court further agrees that dismissal rather than transfer of this unauthorized claim is proper. *See* R. & R. at 7-9 (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)).

For the foregoing reasons, these objections are overruled.

### *D. Petitioner's Fourth Objection*

Petitioner asserts that the dismissal of Grounds One and Three as untimely filed would be inequitable and would not comport with the due process that is contemplated by federal habeas corpus doctrine. *See* Pet'r's Obj. at 8-11.

This objection is largely moot, given that the Court is dismissing these Grounds based not on their untimeliness but upon their failure to state a plausible claim for relief. Moreover, "the Supreme Court has . . . decided that the statutory limitations on review of decisions in expedited-review proceedings do not deny due process to aliens." *Macias-Guerrero*, 817 F. App'x at 662 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S.

Ct. 1959, 1982 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." (internal quotation marks omitted))).

### E. Petitioner's Sixth Objection

Along with the Petition, Petitioner filed a Motion to Supplement and Expedite Proceedings, asserting that he is particularly vulnerable to COVID-19 and citing this vulnerability as an "extraordinary and compelling reason" for the Court to reach the merits of his claims and issue relief. Pet'r's Mot. (Doc. No. 8) at 3. The Magistrate Judge noted that the Motion "raise[d] no additional substantive grounds for relief" and recommended that to the extent the Motion was seeking "sentence modification/compassionate release," it should be denied. R. & R. at 9 (internal quotation marks omitted).

In his Objection, Petitioner clarifies that, despite his express reliance upon that statute, he is not seeking sentence modification under 18 U.S.C. § 3582 at this time. Rather, Petitioner's Motion was seeking expedited resolution of his habeas claims based upon the additional dangers presented by COVID-19. *See* Pet'r's Obj. at 13-14.

In light of the instant disposition of the Petition, the Motion is moot and shall be denied on that basis.

### CONCLUSION

For the reasons outlined herein, the Court ADOPTS the recommended disposition of the Report and Recommendation issued September 10, 2020 (Doc. No. 9) as modified herein. Specifically:

(1) Grounds One, Two, and Three of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1) are DISMISSED pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts;

(2) Ground Four, construed as an unauthorized second or successive motion under 28 U.S.C. § 2255, is DISMISSED; and

(3) Petitioner's Motion to Supplement and Expedite Proceedings (Doc. No. 8) is DENIED AS MOOT.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), a certificate of appealability ("COA") must issue for an appeal to be taken from a final order in a proceeding under 28 U.S.C. § 2255. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court finds that the requisite standard is not met in this case. A certificate of appealability is DENIED. A separate judgment shall issue.

IT IS SO ORDERED this 27th day of September, 2021.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge